THOMAS V. GIRARDI, State Bar No. 36603
ROBERT W. FINNERTY, State Bar No. 119775
JOSEPH R. FINNERTY, State Bar No. 298678
**GIRARDI | KEESE**
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Attorneys for PLAINTIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG R. JALBERT, a Massachusetts citizen, as Trustee of the Vernon Tort Claims Trust,<br><br>Plaintiff,<br><br>v.<br><br>XL INSURANCE AMERICA, INC., a Delaware corporation; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, a Pennsylvania corporation; ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation; ZURICH INSURANCE COMPANY, a New York corporation; AMERICAN ZURICH INSURANCE COMPANY, an Illinois corporation; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a New York corporation; GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, a New York corporation, AMERICAN HOME ASSURANCE COMPANY, a New York corporation; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendants. | **CASE NO.:** 2:17-cv-07167<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>Amount in Controversy Exceeds $75,000.00 |

1

Plaintiff Craig R. Jalbert, in his capacity as the Vernon Tort Trustee ("Jalbert" or "Vernon Tort Trustee") of the Vernon Tort Claims Trust ("Vernon Tort Trust") for his Complaint against XL Insurance America, Inc. ("XL") and St. Paul Fire and Marine Insurance Company, ACE Property and Casualty Insurance Company, ACE American Insurance Company, Zurich American Insurance Company, American Zurich Insurance Company, American Guarantee & Liability Insurance Company, Great American Insurance Company of New York, American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, PA (collectively the "Insurer Defendants"), alleges as follows:

## NATURE OF ACTION

1.       Plaintiff brings this action to obtain a judicial determination and declaration as to his rights and obligations under certain insurance policies issued by Insurer Defendants to Exide Technologies and its predecessor, Exide Corporation (collectively, "Exide").

2.       On or about June 10, 2013, Exide filed a voluntary petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware, Case No. 13-11482 ("Chapter 11 Proceeding"). Thereafter, several hundred proofs of claim were filed in Exide's bankruptcy proceeding in connection with, among other things, claims for bodily injury linked to emissions of lead, arsenic, and other toxic contaminants arising out of Exide's operations at its lead battery recycling plant in Vernon, California (the "Vernon Plant") (the "Vernon Tort Proofs of Claim").

3.       Beginning in December 2014, several lawsuits were filed in Los Angeles Superior Court against James R. Bolch, Phillip A. Damaska, Ed Mopas, John Hogarth and R. Paul Hirt, Jr. – managers, directors and/or officers of Exide –in connection with Exide's operations at the Vernon Plant, specifically Alan Salvador Aguirre, a minor by and through his guardian ad litem, et al. v. James R. Bloch, et al.; Thomas Lopez, et al. v. James R. Bolch, et al.; Carlos M. Barron, surviving spouse/heir of Maria Elena Barron, et al. v. James R. Bolch, et al.; Alma Hernandez, et al. v. James R. Bolch, et al.;

Odalyz Abrea, a minor by and through her guardian ad litem, et al. v. James R. Bolch, et al., Cecilia Aguilar, et al. v. James R. Bolch, and Fabiola Lara, et al. v. James R. Bolch, et al., all of which were amended to name Exide as a defendant, but only to the extent there is applicable insurance, and later were consolidated in the First Consolidated Complaint filed on July 15, 2016,  under Los Angeles County Superior Court Case No. 567401 (the "Vernon Personal Injury Litigation").

4.      On March 27, 2015, the Confirmation Order on Exide's Fourth Amended Plan of Reorganization was entered in the Chapter 11 Proceeding. As part of Exide's plan of reorganization in the Chapter 11 Proceeding, the Vernon Tort Trust was created for the resolution of the "Vernon Tort Claims."

5.      Pursuant to the Vernon Tort Trust Agreement and Vernon Tort Trust Term Sheet included in Exide's Plan of Reorganization, the plaintiff in the Vernon Personal Injury Litigation and any other persons who filed Vernon Tort Proofs of Claim (collectively, the "Vernon Tort Claimants") transferred the Vernon Tort Claims to the Vernon Tort Trust.

6.      A First Amended Consolidated Complaint in the Vernon Personal Injury Litigation was filed on September 16, 2016, alleging causes of action for negligence, negligence per se, strict liability for ultrahazardous activity, misrepresentation and fraudulent concealment, nuisance, trespass, and injunctive and restitutionary relief pursuant to Business and Professions Code § 17200 et seq.

7.      Pursuant to the Vernon Tort Trust Agreement and Vernon Tort Trust Term Sheet included in Exide's Plan of Reorganization, if no insurer defends Exide in the Vernon Personal Injury Litigation and the Vernon Tort Trustee believes there is a good faith basis to pursue the coverage, Exide is required to assign its rights to Jalbert as the Vernon Tort Trustee to bring coverage litigation to determine whether coverage is available for the Vernon Personal Injury Litigation under the insurance policies issued to Exide that are the subject of this action.

3

**COMPLAINT FOR DECLARATORY RELIEF**

8.      The Vernon Tort Trustee has demanded coverage under the XL Policies and St. Paul Policy at issue in this action for the alleged damages suffered by the claimants in the Vernon Personal Injury Litigation.  Defendants XL and St. Paul previously attempted to pursue coverage litigation.  That litigation was dismissed because there had been no valid assignment between Exide and the Vernon Tort Trustee.

9.      Exide and the Vernon Tort Trustee have recently agreed to a mutually acceptable assignment.

10.     An actual controversy exists between Plaintiff and the named defendants with respect to the insurance coverage, if any, available to the Vernon Tort Trust with respect to the claims asserted by the Vernon Tort Trustee in the Vernon Personal Injury Litigation.

## PARTIES

11.     Defendant XL is a corporation duly organized and existing under the laws of Delaware and with its principal place of business in Connecticut. XL Insurance America, Inc. is the successor-in-interest to Winterthur International America Insurance Company ("Winterthur") (XL Insurance America, Inc. and Winterthur International America Insurance Company are referred to collectively herein as "XL"). XL is a citizen of Delaware and Connecticut within the meaning of 28 U.S.C. § 1332(c)(1).

12.     Defendant St. Paul is a corporation duly organized and existing under the laws of Connecticut and with its principal place of business in Connecticut. St. Paul is a citizen of Connecticut within the meaning of 28 U.S.C. § 1332(c)(1).

13.     Plaintiff Jalbert, herein in his capacity as the Vernon Tort Trustee, is an individual residing and domiciled in the State of Massachusetts. The Vernon Tort Trustee has demanded coverage under the XL Policies and the St. Paul Excess Policy, which XL and St. Paul have denied.  Accordingly, the Vernon Tort Trustee is the real party in interest for purposes of determining diversity jurisdiction. Jalbert is a citizen of Massachusetts within the meaning of 28 U.S.C. § 1332 (a).

4

14.     Defendant ACE Property and Casualty Insurance Company is a corporation duly organized and existing under the laws of the State of Pennsylvania and with its principal place of business in the State of Pennsylvania.  ACE Property and Casualty Insurance Company is a citizen of Pennsylvania within the meaning of 28 U.S.C. § 1332(c)(1).

15.     Defendant ACE American Insurance Company is a corporation duly organized and existing under the laws of the State of Pennsylvania and with its principal place of business in the State of Pennsylvania.  ACE American Insurance Company is a citizen of Pennsylvania within the meaning of 28 U.S.C. § 1332(c)(1).

16.     Defendant Zurich American Insurance Company is a corporation duly organized and existing under the laws of the State of New York and with its principal place of business in the State of Illinois.  Zurich American Insurance Company is a citizen of New York and Illinois within the meaning of 28 U.S.C. § 1332(c)(1).

17.     Defendant American Zurich Insurance Company is a corporation duly organized and existing under the laws of the State of Illinois and with its principal place of business in the State of Illinois.  American Zurich Insurance Company is a citizen of Illinois within the meaning of 28 U.S.C. § 1332(c)(1).

18.     Defendant American Guarantee & Liability Insurance Company is a corporation duly organized and existing under the laws of the State of New York and with its principal place of business in the State of Illinois.  American Guarantee & Liability Insurance Company is a citizen of New York and Illinois within the meaning of 28 U.S.C. § 1332(c)(1).

19.     Defendant Great American Insurance Company of New York is a corporation duly organized and existing under the laws of the State of New York and with is principal place of business in the State of Ohio.  Great American Insurance Company of New York is a citizen of New York and Ohio within the meaning of 28 U.S.C. § 1332(c)(1).

**COMPLAINT FOR DECLARATORY RELIEF**

20.　　　Defendant American Home Assurance Company is a corporation duly organized and existing under the laws of the State of New York and with is principal place of business in the State of New York.  American Home Assurance Company is a citizen of New York within the meaning of 28 U.S.C. § 1332(c)(1).

21.　　　Defendant National Union Fire Insurance Company of Pittsburgh, PA, is a corporation duly organized and existing under the laws of the State of Pennsylvania and with its principal place of business in the State of New York. National Union Fire Insurance Company of Pittsburgh, PA is a citizen of Pennsylvania and New York within the meaning of 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

22.　　　This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 2201 and 2202.  As the facts alleged above demonstrate, there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

23.　　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391. A substantial amount of the events giving rise to this insurance coverage dispute occurred in this District.  As further alleged below, this insurance coverage action arises out of underlying pollution emissions that occurred at the Vernon Plant located in the County of Los Angeles and which subsequently resulted in the Vernon Personal Injury Litigation filed in the California Superior Court for the County of Los Angeles.

## FACTUAL BACKGROUND

### Exide Operations

24.　　　Exide is a manufacturer and distributor of batteries.

25.　　　In order to reduce the costs of its batteries, Exide operated the Vernon Plant, an extraction facility located at 2700 S. Indiana, in the City of Vernon, County of Los Angeles, California.

26.　　　Exide has operated the Vernon Plant since its purchase of GNB Technologies Inc. in 2000.

**COMPLAINT FOR DECLARATORY RELIEF**

27. The Vernon Plant was a secondary lead-acid smelting plant.

28. This means that the Vernon Plant was designed to extract the lead, acid, and plastic from batteries.

29. The lead extracted from the batteries was either used as a component part of a new battery or sold as raw product directly to customers.

30. After the marketable products were extracted from the batteries, Exide would often ship this material from the Vernon Plant to Bakersfield, California.

31. A number of residents that lived around the Vernon Plant brought suit against Exide alleging that Exide exposed these residents to various chemicals.

32. Due to Exide's bankruptcy, the plaintiffs in the Underlying Action and Exide entered into an agreement wherein Exide would assign its rights under its insurance policies so that the injured claimants could pursue recovery against Exide's insurers.

33. In contemplation of this agreement, the Vernon Tort Trust was created.

34. The injured claimants agreed to transfer their claims to the Vernon Tort Trust.

35. In exchange, Exide agreed to assign its rights to its insurance coverage to the Vernon Tort Trust so that the Vernon Tort Trust could pursue coverage litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT FOR DECLARATORY RELIEF**

# THE POLICIES

A.    **XL Policies**

    1.    **The XL Commercial Lines Policies**

36.    The following table lists the commercial lines insurance policies that XL issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| GL 003-09-34-00 | Winterthur | Exide Corporation | 4/1/00 – 4/1/01 |
| GL 003-09-34-01 | Winterthur | Exide Technologies | 4/1/01 – 4/1/02 |
| GL 003-09-34-02 | Winterthur | Exide Technologies | 4/1/02 – 4/1/03 |
| US00006422LI03A | XL | Exide Technologies | 4/1/03 – 7/1/04 |
| S00006422LI04A | XL | Exide Technologies | 7/1/04 – 7/1/05 |
| US00006422LI05A | XL | Exide Technologies | 7/1/05 – 7/1/06 |
| US00006422LI06A | XL | Exide Technologies | 7/1/06 – 7/1/07 |

    2.    **The XL Commercial Umbrella Policies**

37.    The following table lists the commercial umbrella liability insurance policies that XL issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| HFL 004-29-38-01 | Winterthur | Exide Corporation | 4/1/01 – 4/1/02 |
| CU 005-00-27-02 | Winterthur | Exide Technologies | 4/1/02 – 4/1/03 |
| US00006428LI03A | XL | Exide Technologies | 4/1/03 – 7/1/04 |
| US00006428LI04A | XL | Exide Technologies | 7/1/04 – 7/1/05 |
| US00006428LI05A | XL | Exide Technologies | 7/1/05 – 7/1/06 |
| US00006428LI06A | XL | Exide Technologies | 7/1/06 – 7/1/07 |
| US00006428LI07A | XL | Exide Technologies | 7/1/07 – 7/1/08 |

| US00006428LI08A | XL | Exide Technologies | 7/1/08 – 7/1/09 |

### 3. The XL Excess Policies

38.   The following table lists the excess liability insurance policies that XL issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| US00034391LI11A | XL | Exide Technologies | 7/1/11 – 7/1/12 |
| US00034391LI12A | XL | Exide Technologies | 7/1/12 – 7/1/13 |
| US00034391LI13A | XL | Exide Technologies | 7/1/13 – 7/1/14 |

## B.   Zurich Policies

### 1. The Zurich General Liability Policies

39.   The following table lists the general liability insurance policies that Zurich American Insurance Company ("ZAIC") issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| GLO 9260592 00 | ZAIC | Exide Technologies | 7/1/07-7/1/08 |
| GLO 9260592 01 | ZAIC | Exide Technologies | 7/1/08-7/1/09 |
| GLO 9260592 02 | ZAIC | Exide Technologies | 7/1/09-7/1/10 |
| GLO 9260592 03 | ZAIC | Exide Technologies | 7/1/10-7/1/11 |
| GLO 9260592 04 | ZAIC | Exide Technologies | 7/1/11-7/1/12 |
| GLO 9260592 05 | ZAIC | Exide Technologies | 7/1/12-8/1/13 |
| GLO 9260592 06 | ZAIC | Exide Technologies | 8/1/13-2/1/14 |

### 2. The Zurich Excess Policies

40.   The following table lists the excess liability insurance policies that American Zurich Insurance Company ("AZIC")  issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

9

**COMPLAINT FOR DECLARATORY RELIEF**

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| AEC 5085879-01 | AZIC | Exide Technologies | 7/1/05-7/1/06 |
| AEC 5085879-02 | AZIC | Exide Technologies | 7/1/06-7/1/07 |
| AEC 9671164-00 | AZIC | Exide Technologies | 7/1/08-7/1/09 |
| AEC 9671164-01 | AZIC | Exide Technologies | 7/1/09-7/1/10 |
| AEC 9671164-02 | AZIC | Exide Technologies | 7/1/10-7/1/11 |
| AEC 9671164-03 | AZIC | Exide Technologies | 7/1/11-7/1/12 |
| AEC 9671164-04 | AZIC | Exide Technologies | 7/1/12-7/1/13 |

3.    **The American Guarantee and Liability Policies**

41.    The following table lists the excess liability insurance policy that American Guarantee and Liability Insurance Company ("AGLIC") issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| AEC 9671164-05 | AGLIC | Exide Technologies | 7/1/13-7/1/14 |
| AEC 9671164-06 | AGLIC | Exide Technologies | 7/1/14-7/1/15 |

C.    **ACE Policies**

1.    **The ACE Umbrella Policies**

42.    The following table lists the umbrella liability insurance policies that ACE Property and Casualty Insurance Company issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| G25832802 | ACE | Exide Technologies | 7/1/11 - 7/1/12 |
| G27046095 | ACE | Exide Technologies | 7/1/12 - 7/1/13 |
| G27053543 | ACE | Exide Technologies | 7/1/13 - 7/1/14 |

**COMPLAINT FOR DECLARATORY RELIEF**

### 2.    The ACE Excess Policies

43.     The following table lists the excess insurance policies that ACE American Insurance Company issued to Exide under which the Vernon Tort Trustee and Vernon plaintiff demanded coverage:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| XCP G22909897 | ACE | Exide Technologies | 7/1/05-7/1/06 |
| XCP G23715636 | ACE | Exide Technologies | 7/1/06-7/1/07 |
| XCP G23873606 | ACE | Exide Technologies | 7/1/07-7/1/08 |
| XCP G24648199 | ACE | Exide Technologies | 7/1/08-7/1/09 |
| XCP G24873894 | ACE | Exide Technologies | 7/1/09-7/1/10 |
| XCP G24874837 | ACE | Exide Technologies | 7/1/10-7/1/11 |

### D.    St. Paul Excess Policy

44.     St. Paul issued the following excess insurance policy to Exide Technologies under which the Vernon Tort Trustee claims the right to pursue coverage litigation ("St. Paul Excess Policy"):

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| QI09001244 | St. Paul | Exide Technologies | 7/1/2004 - 7/1/2005 |

### E.    American Home Assurance Company Policy

45.     The following table lists the liability insurance policy that American Home Assurance Company issued to Exide under which the Vernon Tort Trustee claims the right to pursue coverage litigation:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| GL 457-06-01 RA | Am. Home | Exide Corporation | 4/1/99-4/1/00 |

COMPLAINT FOR DECLARATORY RELIEF

**F.**       **Great American Policies**

46.       The following table lists the commercial excess liability policies that Great American issued to Exide under which the Vernon Tort Trustee claims the right to pursue coverage litigation:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| EXC 3108391 | Great American | Exide Technologies | 7/1/07-7/1/08 |
| EXC 2195032 | Great American | Exide Technologies | 7/1/08-7/1/09 |
| EXC 8634333 | Great American | Exide Technologies | 7/1/09-7/1/10 |
| EXC 2098101 | Great American | Exide Technologies | 7/1/10-7/1/11 |
| EXC 2105816 | Great American | Exide Technologies | 7/1/11-7/1/12 |
| EXC 4646356 | Great American | Exide Technologies | 7/1/12-7/1/13 |
| EXC4647462 | Great American | Exide Technologies | 7/1/13-7/1/14 |

**G.**       **National Union Policies**

47.       The following table lists the umbrella ability insurance policies that National Union issued to Exide under which the Vernon Tort Trustee claims the right to pursue coverage litigation:

| Policy No. | Insurer | Named Insured | Policy Period |
|---|---|---|---|
| BE 27471292 | National Union | Exide Technologies | 7/1/09-7/1/10 |
| BE 15972397 | National Union | Exide Technologies | 7/1/10-7/1/11 |

## COVERAGE IS AFFORDED UNDER THE POLICIES FOR THE VERNON PERSONAL INJURY LITIGATION

48.       On information and belief, all of the policies alleged in above-paragraphs of this Complaint (the "Policies") provide coverage for the Vernon Person Injury Litigation.

COMPLAINT FOR DECLARATORY RELIEF

## COUNT I

**Declaratory Relief – There is Coverage for the Vernon Personal Injury Litigation**

49.     Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

50.     Plaintiff contends that coverage is afforded under the respective Policies for the Vernon Personal Injury Litigation and that Insurer Defendants therefore have an obligation to provide coverage under those Policies in connection with that litigation. Plaintiff disputes Insurer Defendants' respective denials of coverage for the Vernon Personal Injury Litigation.

51.     An actual and justiciable controversy exists between Plaintiff and Insurer Defendants regarding Plaintiff's rights under the Policies in connection with the Vernon Personal Injury Litigation.

52.     Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a judicial declaration from the Court that Insurer Defendants are obligated to afford all available coverage under their respective Policies in connection with the Vernon Personal Injury Litigation.

## COUNT II

**Declaratory Relief – Insurer Defendants Have a Duty to Defend Exide in the Vernon Personal Injury Litigation**

53.     Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

54.     Plaintiff contends that coverage is afforded under the respective Policies for the Vernon Personal Injury Litigation and that Insurer Defendants therefore have an obligation to defend Exide in the Vernon Personal Injury Litigation under those Policies in connection with that litigation.  Plaintiff disputes Insurer Defendants' respective denials of coverage and refusal to defend Exide for the Vernon Personal Injury Litigation.

55.     An actual and justiciable controversy exists between Plaintiff and Insurer Defendants regarding Plaintiff's rights under the Policies in connection with the

**COMPLAINT FOR DECLARATORY RELIEF**

Vernon Personal Injury Litigation.

56.     Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a judicial declaration from the Court that Insurer Defendants are obligated to defend Exide in the Vernon Personal Injury Litigation under their respective Policies in connection with that litigation.

<b><u>COUNT III</u></b>

<b>Alternative Declaratory Relief – Obligations Among the Insurer Parties</b>

57.     Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

58.     Plaintiff asserts that coverage for the Vernon Personal Injury Litigation is afforded under <u>all</u> of the policies issued by Insurer Defendants, and demands payment from Insurer Defendants under their respective policies for damages sought in the Vernon Personal Injury Litigation.

59.     While Plaintiff contends that complete coverage is afforded under <u>all</u> Insurer Defendants' respective Policies for the Vernon Personal Injury Litigation, as alternative relief should this Court declare that there exists a duty to defend or pay any settlement or judgment in the Vernon Personal Injury Litigation under only *some* of the Policies, Plaintiff seeks a declaration as to the respective obligations among Insurer Defendants for such amounts.

60.     An actual and justiciable dispute exists between Plaintiff and the Insurer Defendants as to the foregoing issues.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, Plaintiff prays the court enter the following relief on <u>Count I</u>:

A.     A declaration that Insurer Defendants are obligated to afford complete coverage under their respective Policies in connection with the Vernon Personal Injury Litigation;

B.     An award to Plaintiff of his attorney fees and costs relating to this action; and

C.     Any other relief that is equitable, just, and proper.

**WHEREFORE**, Plaintiff prays the court enter the following relief on <u>Count II</u>:

**COMPLAINT FOR DECLARATORY RELIEF**

A.    A declaration that Insurer Defendants are obligated to defend Exide in the Vernon Personal Injury Litigation under their respective Policies in connection with that litigation;

B.    An award to Plaintiff of his attorney fees and costs relating to this action; and

C.    Any other relief that is equitable, just, and proper.

**WHEREFORE**, Plaintiff prays the court enter the following relief on Count III:

A.    In the alternative, a declaration as to the respective obligations among Plaintiff and Insurer Defendants for any amounts incurred in defense or indemnity of the Vernon Personal Injury Litigation; and

B.    Any other relief that is equitable, just, and proper.

Respectfully submitted,

DATED: September 28, 2017          **GIRARDI | KEESE**

By:        */s/ Robert W. Finnerty*
          THOMAS V. GIRARDI
          ROBERT W. FINNERTY
          JOSEPH R. FINNERTY
          Attorneys for Plaintiff

**COMPLAINT FOR DECLARATORY RELIEF**